UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 25-10276-GAO

AMERICAN FEDERATION OF GOVERNMENT EMPLOYEES, AFL-CIO, AMERICAN FEDERATION OF STATE, COUNTY AND MUNICIPAL EMPLOYEES, AFL-CIO, and NATIONAL ASSOCIATION OF GOVERNMENT EMPLOYEES, INC.,
Plaintiffs,

v.

CHARLES EZELL, in his official capacity as Acting Director of the Office of Personnel Management, and OFFICE OF PERSONNEL MANAGEMENT,
Defendants.

OPINION AND ORDER
September 24, 2025

O'TOOLE, D.J.

After the plaintiffs' motion for a preliminary injunction was denied by this Court (dkt. no. 66), the plaintiffs filed an Amended Complaint (dkt. no. 77), asserting four revised counts. The first three counts purport to assert claims arising under the Administrative Procedure Act ("APA") and the last count asserts that the Office of Personnel Management lacked legal authority to propose the offers that were made to certain agency employees and therefore those offers were *ultra vires* and unenforceable.

The defendants have moved to dismiss the Amended Complaint with prejudice. They have properly pointed out that the jurisdictions of the federal courts that are inferior to the Supreme Court rest "entirely on statutory grants from Congress." Evans v. Thompson, 518 F.3d 1, 5 (1st Cir. 2008). As the defendants have also pointed out, the Court in this case has already concluded that existing statutes, the Civil Service Reform Act of 1978 ("CSRA") and the Federal Service Labor-Management Relations Statute ("FSL-MRS"), preclude jurisdiction here over the plaintiffs'

claims. See Am. Fed'n of Gov't Emps., AFL-CIO v. Ezell, No. CV 25-10276-GAO, 2025 WL 470459, at *2 (D. Mass. Feb. 12, 2025). Although the Amended Complaint has recast the claims asserted under the APA in present Counts 1 through 3, the revised claims do nothing to authorize those claims to be litigated in this Court in light of the CSRA and the FSL-MRS for the reasons previously articulated by the Court in its prior Opinion and Order and as carefully and explicitly addressed by the defendants in their brief in support of dismissal.

There is no need for a discussion that simply repeats the two major points argued by the defendants: (1) that this Court lacks subject matter jurisdiction over the plaintiffs' claims in light of the remedies available under the CSRA and FSL-MRS, and (2) that, under the circumstances described in the pleadings and arguments, the plaintiffs lack standing to litigate the grievances set forth in their claims and arguments. For these two reasons, the Amended Complaint is dismissed with prejudice.

It is SO ORDERED.

    /s/ George A. O'Toole, Jr.
    United States District Judge